RALPH E. SMITH, complainant,

*v.*

NORTON-LATHAM COMPANY, INCORPORATED, a corporation, defendant.

———

WEBSTER J. OLIVER and WILLIAM R. LATHAM, as receivers of John S. Norton Company, Incorporated, appellants,

*v.*

JOHN MALONE, receiver of Norton-Latham Company, Incorporated, respondent.

[Submitted February 15th, 1934. Decided May 4th, 1934.]

*Messrs. Edwards, Smith & Dawson,* for the appellants.

*Messrs. Gross & Gross (Mr. Joel Gross,* of counsel), for the respondent.

The opinion of the court was delivered by

BODINE, J.

The appellants are equity receivers by appointment from the federal court for this district. The respondent, Malone, is a chancery receiver. The dispute arises from the non-performance of a contract evidenced by the following writing:

"May 15, 1933.

W. J. Oliver, Rec.
John S. Norton Co. Inc.
72 Hudson St.
Jersey City, N. J.
Dear Sir:

I understand that the 1932 Personal Taxes are assessed by the City of Jersey City in the sum of $1,551.60 have been compromised for the sum of $969.75.

I further understand that as the tax was assessed in October 1931 this is a charge against you and if you will lay out this sum I will reimburse for 11/12 of this amount together with what extra legal expenses have been incurred in securing their reduction.

Very truly yours,
(Signed) JOHN MALONE,
Receiver Norton-Latham Co."

A claim predicated upon this agreement was rejected and upon review the action so taken was affirmed. It appears that the federal receivers sold early in 1932 certain property upon which taxes were in arrears to the Norton-Lathem Company. Respondent Malone later became receiver of this company. At the time of the sale the agreement of the parties seems to have been that the taxes were to be apportioned as of February 1st, 1932. The receivers, however, conveyed with warranty. Receivers in making judicial sales have no authority to make warranty of title. *53 C. J. 210, 223.* It is apparent

from the testimony adduced and from the letter above referred to that the parties intended an apportionment of the taxes as above specified. The advances made by the federal receivers on behalf of receiver Malone were made in order to facilitate a settlement with the city, and pursuant to his promise to repay. It is apparent that receiver Malone's purpose in handling the transaction in this manner was to keep in his hands as large a balance as possible, often a basis for allowances. The federal receivers, who were in funds, no doubt made the payment and filed the claim in the chancery proceedings in order to oblige the respondent.

The court below found that there was no consideration for receiver Malone's promise to repay as evidenced by the letter above set forth. This result could only be reached by overlooking the intention of the parties, the written promise of the respondent and by placing undue emphasis upon the words of the warranty which was beyond the powers of the federal receivers. It is obvious that there was ample consideration to support the respondent's promise and the order to the contrary must be reversed.

The respondent Malone, however, has made distribution and this was done before the time allowed by law for an appeal to be perfected. Malone had due notice that an appeal would be taken. His action cannot oust this court of jurisdiction. "The law of this state is that when an appeal is taken from a decree in chancery, the act of filing the appeal suspends the force and operation of the decree appealed from, whenever and to the extent that it be necessary for the preservation of the subject of the appeal in such condition as is requisite for the rendering of an efficacious appellate decree. *Pennsylvania Railroad Co.* v. *National Docks Railway Co., 54 N. J. Eq. 647; Robinson* v. *Robinson, 86 N. J. Eq. 165." Bijur Motor Appliance Co.* v. *International Association of Machinists, &c., 92 N. J. Eq. 183; affirmed, Ibid. 644.* However, since the appeal was taken within the time allowed by law "the execution of the decree, either before or after the appeal, in nowise interferes with the right of appeal, or with the proceedings upon it." *Peer* v. *Cookerow, 14 N. J. Eq. 361.*

Since the authority of the federal receivers to present their claim was not challenged below, we cannot now consider any question of lack of authority. *Little* v. *Dusenbury, 46 N. J. Law 614, 641.*

The order appealed from will be reversed.

*For affirmance*—None.

*For reversal*—TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.